UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE KENNELLY
MAGISTRATE JUDGE DENLOW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **05CR0900** |
| ) | |
| v. ) | |
| ) | Violations: Title 18, United States Code, |
| NORMAN CLAUSEN, ) | Sections 2, 1343 |
| BRYANT McCARROLL, ) | |
| THOMAS LUTHER, and ) | |
| CHRISTINE HARRIS | |

FILED

NOV X 3 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL MAY 2004 GRAND JURY charges:

1. At times relevant to this indictment:

    (a) Defendant NORMAN CLAUSEN was the owner and manager of Joliet Water Sports ("JWS") and New Line Communications ("NLC"). JWS was in the business of repairing recreational water sports craft, such as jet skis, and NLC was in the business of selling cell phones and other personal communications devices. JWS and NLC operated from the same address in Wilmington, Illinois.

    (b) Grundy County National Bank ("Grundy Bank"), located in Morris, Illinois, and elsewhere, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. JWS and NLC each had a deposit account at Grundy Bank into which customer credit card payments were made. These accounts were controlled by Clausen.

    (c) Orion Payment Systems ("Orion"), based in Spring, Texas, and elsewhere, was a company that processed credit card transactions for merchants.

(d) In approximately February 2002, CLAUSEN contracted with Orion to process credit card payments for JWS and NLC. Under the agreement, CLAUSEN received equipment from Orion that allowed JWS and NLC customers to pay for goods and services provided by JWS and NLC using credit cards. To use this equipment for a particular transaction, CLAUSEN input the requested payment amount and the customer's credit card information into the equipment, either electronically by "swiping" the credit card or manually by entering the information using a keypad. Once this payment request had been entered, Orion typically would then either approve or deny the request, sometimes asking that additional information supporting the validity of the payment request, such as a signed credit card receipt or a payment invoice, be provided to it first. If the payment request was ultimately approved, Orion would then cause funds in the amount of the request to be transferred from the credit card holder's account to either the JWS or the NLC deposit account at Grundy Bank.

(e) Defendant CHRISTINE HARRIS worked in Elgin, Illinois, as a customer service representative for a unit of Bank One Corporation ("Bank One"), a financial institution, that issued Visa credit cards to individuals. Individuals A, B, C, D, and E were individuals that had Visa credit card accounts with Bank One.

2. Beginning in or about December 2001 and continuing until in or about April 2002, at Wilmington, in the Northern District of Illinois, Eastern Division, and elsewhere,

>     NORMAN CLAUSEN,
>     BRYANT McCARROLL,
>     THOMAS LUTHER, and
>     CHRISTINE HARRIS,

defendants herein, together and with persons known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Bank One Visa credit card account holders by means of materially false and fraudulent pretenses, representations, promises and material omissions, which scheme is further described below.

3. It was part of the scheme that the defendants obtained personal information from approximately nine Bank One Visa credit card account holders, including their names, Social Security Numbers, addresses, and account numbers. Using that information, they then caused counterfeit credit cards to be created. During approximately March and April 2002, the defendants fraudulently used and attempted to use the counterfeit credit cards at JWS and NLC to obtain approximately $150,000 from the account holders. They were successful approximately five times using five of the nine compromised accounts, obtaining about $88,500.

4. It was further part of the scheme that, as a customer service representative for the Bank One credit card unit, HARRIS had access to personal information for Bank One credit card account holders, including their names, Social Security Numbers, addresses, account numbers, and similar information. Beginning in about December 2001 and continuing until about April 2002, at the request of Defendants THOMAS LUTHER and BRYANT McCARROLL, HARRIS wrote down personal information for approximately nine credit card account holders. HARRIS knew that she was not authorized by Bank One to record personal information relating to credit card account holders or to disseminate this information without authorization from the account holders or Bank One.

5. It was further part of the scheme that, after recording the information about the credit card accounts, HARRIS gave the information to LUTHER, who then passed it on to McCARROLL. HARRIS

3

and LUTHER knew that McCARROLL was going to use the information to attempt to obtain funds fraudulently. After he received the credit card information from LUTHER, McCARROLL caused counterfeit credit cards to be created.

6. It was further part of the scheme that, during March and April 2002, McCARROLL met with CLAUSEN at JWS and presented CLAUSEN with several of the counterfeit credit cards. Using the cards, CLAUSEN requested that both JWS and NLC be paid for providing the credit card account holders with goods and services that, in fact, as CLAUSEN and McCARROLL knew, had not been provided. To determine whether certain of these payment requests should be approved, Orion contacted CLAUSEN and asked for documents supporting the transactions, such as invoices for work purportedly done by JWS and credit card receipts purportedly signed by the purported customers. On at least five occasions, CLAUSEN and McCARROLL fraudulently created such documents and transmitted them by facsimile from JWS to Orion. On at least five occasions, Orion then approved the payment requests, and a total of approximately $88,500 was transferred into JWS's deposit bank account at Grundy Bank.

7. It was further a part of the scheme that the defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the true purposes of the acts done in furtherance of the scheme.

8. On or about March 30, 2002, at Wilmington, in the Northern District of Illinois, Eastern Division, and elsewhere,

                NORMAN CLAUSEN,
                BRYANT McCARROLL,
                THOMAS LUTHER, and
                CHRISTINE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a facsimile transmission from Wilmington, Illinois, to Spring, Texas, of an invoice purporting to establish that $20,302.48 of goods and services were provided by JWS to Individual A when, in fact, no such goods and services were provided;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL MAY 2004 GRAND JURY further charges:

1. Paragraphs 1 through 8 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about March 30, 2002, at Wilmington, in the Northern District of Illinois, Eastern Division, and elsewhere,

> NORMAN CLAUSEN,
> BRYANT McCARROLL,
> THOMAS LUTHER, and
> CHRISTINE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a facsimile transmission from Wilmington, Illinois, to Spring, Texas, of an invoice purporting to establish that $8,902.13 of goods and services were provided by JWS to Individual B when, in fact, no such goods and services were provided;

In violation of Title 18, United States Code, Sections 1343 and 2.

## **COUNT THREE**

The SPECIAL MAY 2004 GRAND JURY further charges:

1. Paragraphs 1 through 8 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about April 3, 2002, at Wilmington, in the Northern District of Illinois, Eastern Division, and elsewhere,

>NORMAN CLAUSEN,
>BRYANT McCARROLL,
>THOMAS LUTHER, and
>CHRISTINE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a facsimile transmission from Wilmington, Illinois, to Spring, Texas, of an invoice purporting to establish that $16,754.78 of goods and services were provided by JWS to Individual C when, in fact, no such goods and services were provided;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL MAY 2004 GRAND JURY further charges:

1. Paragraphs 1 through 8 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about April 24, 2002, at Wilmington, in the Northern District of Illinois, Eastern Division, and elsewhere,

>  NORMAN CLAUSEN,
>  BRYANT McCARROLL,
>  THOMAS LUTHER, and
>  CHRISTINE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a facsimile transmission from Wilmington, Illinois, to Spring, Texas, of an invoice purporting to establish that $27,543.00 of goods and services were provided by JWS to Individual D when, in fact, no such goods and services were provided;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL MAY 2004 GRAND JURY further charges:

1. Paragraphs 1 through 8 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about April 24, 2002, at Wilmington, in the Northern District of Illinois, Eastern Division, and elsewhere,

>   NORMAN CLAUSEN,
>   BRYANT McCARROLL,
>   THOMAS LUTHER, and
>   CHRISTINE HARRIS,

defendants herein, for the purpose of executing the above-described scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a facsimile transmission from Wilmington, Illinois, to Spring, Texas, of an invoice purporting to establish that $14,997.76 of goods and services were provided by JWS to Individual E when, in fact, no such goods and services were provided;

In violation of Title 18, United States Code, Sections 1343 and 2.

>   A TRUE BILL:


>   _____
>   FOREPERSON

_____
UNITED STATES ATTORNEY